The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 2, 2026

## 2026 COA 56

**No. 25CA1303, *Aragon v. Industrial Claim Appeals Office* — Workers' Compensation — Notices and Procedures — Petitions to Review — Failure to Enter Order Within Sixty Days**

A division of the court of appeals addresses a novel issue concerning whether section 8-43-301(11), C.R.S. 2025, permits the Industrial Claim Appeals Office (the Panel) to extend the statute's sixty-day deadline for considering a workers' compensation appeal and concludes that it does not. Accordingly, when the Panel failed to act within sixty days in this case, the Director of the Division of Workers' Compensation's order closing the claim for failure to prosecute automatically became the Panel's final order. The division further holds that the Director did not abuse his discretion by finding no "activity in furtherance of prosecution," Div. of Workers' Comp. Rule 7-1(C), 7 Code Colo. Regs. 1101-3, given the claimant's failure to attend an Office of Administrative Courts

hearing, obtain an extension of time, or advance his claim. In addition, the division rejects the claimant's due process and other remaining arguments.

COLORADO COURT OF APPEALS     **2026 COA 56**

Court of Appeals No. 25CA1303
Industrial Claim Appeals Office of the State of Colorado
WC No. 5-161-418

Philip Aragon,

Petitioner,

v.

Industrial Claim Appeals Office of the State of Colorado and Waste
Management of Colorado,

Respondents,

and

Indemnity Insurance Company of North America,

Insurer-Respondent.

ORDER AFFIRMED

Division V
Opinion by JUDGE LIPINSKY
Yun and Schutz, JJ., concur

Announced July 2, 2026

Law Office of Richard K. Blundell, Richard K. Blundell, Greeley, Colorado, for
Petitioner

No Appearance for Respondent Industrial Claim Appeals Office

Ruegsegger Simons & Stern, LLC, Amy L. Brewer, Michele Stark Carey, Denver,
Colorado, for Respondent Waste Management of Colorado and Insurer-
Respondent Indemnity Insurance Company of North America

¶ 1     This case presents a novel issue concerning the impact of section 8-43-301(11), C.R.S. 2025, of the Workers' Compensation Act of Colorado.  The statute provides that, if the Industrial Claim Appeals Office (the Panel) does not rule on an order of the Director of the Division of Workers' Compensation or an administrative law judge (ALJ) within sixty days of receiving the certified record in a workers' compensation benefits appeal, the order is deemed a Panel order.  In this case, the Panel concluded that the statute does not allow extensions of the sixty-day period.

¶ 2     We agree with the Panel's interpretation of section 8-43-301(11) and hold that, under the statute's unambiguous language, once the Panel receives the certified record in a workers' compensation benefits appeal, the Panel cannot extend the time for issuing its order.  Thus, we affirm the Panel's order.

I.     Background

A.     Alleged Injury

¶ 3     This case has a tortuous procedural history.  The petitioner, Philip Aragon, operated a front-loader truck for Waste Management of Colorado (Employer).  Aragon alleged that, in July 2020, he was injured while stepping down from his truck.  He asserted that the

1

steps beneath the driver's door broke, causing him to fall onto concrete and twist his left leg and elbow.

¶ 4     Although Aragon's leg hurt and his elbow was bruised, he told Employer that he did not believe he was seriously injured.  He declined medical treatment and signed a medical treatment refusal form.  Later that day, Employer reported Aragon's injury to its insurer, Indemnity Insurance Company of North America.  (We refer to Employer and its insurer jointly as "Respondents.")

¶ 5     Aragon alleged a compensable injury on September 7, 2020.  Respondents denied liability and filed a notice of contest on January 27, 2021.  (The record shows two different filing dates for the notice of contest — January 27 and 29, 2021.  We use the former date, which appears in the Director's supplemental order discussed below.)

¶ 6     Aragon kept working for six months after the accident.  During that time, he complained to his doctor that he had "worsening numbness, tingling, and leg pain with weakness."  In January 2021, Aragon informed Employer that he was unable to climb into the truck due to "bilateral leg pain and weakness and left hip and back pain."  Employer directed him to seek treatment at Rocky

Mountain Medical Group, where a physician completed a first report of injury form.

## B.    Motion to Close

¶ 7    On August 2, 2021, Respondents moved to close Aragon's claim for lack of prosecution under Rule 7-1(C) of the Workers' Compensation Rules of Procedure, which authorizes the Director to close a claim "[w]hen no activity in furtherance of prosecution has occurred in a claim for a period of at least 6 months." Div. of Workers' Comp. Rule 7-1(C), 7 Code Colo. Regs. 1101-3 (WCRP 7-1(C)).

¶ 8    Three days later, Aragon filed an application for hearing, identifying the issues for the hearing as temporary total disability, temporary partial disability, and penalties. Aragon did not include compensability as an issue, nor did he set the matter for hearing. (Hearings on compensability are held before an ALJ in the Office of Administrative Courts (OAC), while hearings on other issues, such as temporary benefits and penalties, are held before a prehearing administrative law judge (PALJ) in the Division of Workers' Compensation. *See Indus. Claim Appeals Off. v. Orth*, 965 P.2d

1246, 1250 (Colo. 1998) (discussing PALJs' authority under section 8-43-207.5, C.R.S. 1997).)

¶ 9 On August 20, 2021, the Director issued a show cause order requiring Aragon to "set and attend a hearing" before the OAC within 120 days, obtain an order extending such deadline, or "otherwise resolv[e] this order."

¶ 10 In his show cause order, the Director said,

> If this matter is scheduled for hearing but the parties are unable to obtain a hearing date from OAC within the time mandated by this order, or if for any reason the hearing does not take place as scheduled, this claim may be closed unless, prior to the expiration of the one hundred and twenty (120) days, [Aragon] files a written motion for an additional extension of time with the Division which . . . [e]xplains the circumstances under which the time requirements of this Order were not complied with, and . . . [s]ets forth good cause for the failure to comply with this Order's time requirements.

The Director later extended the 120-day deadline to August 30, 2022.

¶ 11 An OAC hearing on several issues, including compensability, was originally scheduled for December 17, 2021, but it was

continued to February 11, 2022, at Aragon's request. The hearing was then continued to July 15, 2022, at Respondents' request.

### C.  Motion to Dismiss

¶ 12  On June 15, 2022, Respondents filed a motion to vacate the July 15 hearing, strike Aragon's hearing application, and dismiss Aragon's claim with prejudice (the motion to dismiss). Respondents noted that Aragon had failed to attend scheduled independent medical examinations (IMEs) despite multiple PALJ orders compelling him to do so. Respondents asserted that "the most appropriate remedy . . . is dismissal of the claim with prejudice under W.C.R.P. 9-1(G)." That rule, now numbered as 9-1(F), provides that, "[o]nce an order to compel has been issued and properly served upon the parties, failure to comply with the order to compel shall be presumed willful." WCRP 9-1(F), 7 Code Colo. Regs. 1101-3 (rule renumbered effective Jan. 1, 2024).

¶ 13  Further, Respondents argued that Aragon's actions "constituted multiple willful violations of [PALJ orders]." As a sanction for Aragon's failure to comply with the PALJ orders, Respondents requested that his claim be dismissed with prejudice

under C.R.C.P. 37 and C.R.C.P. 41, or, alternatively, that the Director enforce the show cause order by closing Aragon's claim.

### D. ALJ Lovato's Order

¶ 14 On July 6, ALJ Lovato issued an order denying Respondents' request to strike Aragon's application for hearing but granting their request to vacate the July 15 hearing. ALJ Lovato noted that, because the Director had extended the 120-day deadline, Aragon was required to set and attend a hearing with the OAC no later than August 30, 2022, or "obtain an order extending the deadline or otherwise resolving this order." ALJ Lovato ordered that "the hearing must be [re]set within 45 days of this date" and ordered Aragon to attend an IME.

¶ 15 Aragon finally attended an IME in August 2022. Consistent with ALJ Lovato's order, a new hearing was scheduled for August 19, 2022.

### E. Failed Settlement and Order Closing Claim

¶ 16 Two days before the August 19 hearing, the parties announced that they had reached a settlement, and ALJ Lovato vacated the hearing. But the case did not settle.

¶ 17    On August 23, Respondents filed a motion with the Division for "Reconsideration of Dismissal With Prejudice" (the motion for reconsideration).  They referenced the motion to dismiss and renewed their request that Aragon's claim be dismissed or closed.  Aragon responded on September 6.

¶ 18    On September 9, the Director issued an order granting Respondents' August 2, 2021, motion to close the claim, subject to the reopening provisions in section 8-43-303, C.R.S. 2025.  The Director noted Aragon's failure to comply with the show cause order.  On September 14, PALJ Zarlengo denied the motion for reconsideration as moot because the case had closed.

### F.    Aragon's Misfiled Petition to Review

¶ 19    On September 28, Aragon's counsel submitted a petition to review the Director's September 9 order but filed it in the wrong office.  Under section 8-43-301(2)(a)(I) and (II), a petition to review a Director's order must be filed *with the Division* "within twenty days after the date of the certificate of mailing of the order."  (Emphasis added.)  If the petition is not timely filed, "the order is final." § 8-43-301(2)(a)(II).  Aragon's counsel filed the petition with the OAC rather than the Division.

7

¶ 20    Nothing happened in Aragon's case for two years. In October 2024, Aragon's counsel wrote a letter to the Director, pointing out that he had filed a petition to review the case "long ago." Aragon's counsel further said, "[I]t appears that the file/record was not ever sent to the [Panel] to set a briefing schedule."

G.    Briefing and Supplemental Order

¶ 21    On November 5, 2024, the Division confirmed receipt of Aragon's petition to review and allowed him twenty days to file a supporting brief. (Respondents do not challenge the Director's acceptance of Aragon's untimely petition.) After the parties agreed to extensions of time, they filed briefs in early 2025.

¶ 22    On March 10, 2025, the Director issued a supplemental order stating that "the Director's September 9, 2022, Order Granting Motion to Close Claim stands, subject to the reopening provisions in section 8-43-303, C.R.S. 2025."

¶ 23    In his supplemental order, the Director noted that he had extended the show cause order deadline to August 30, 2022, granting Aragon additional time "to either set and attend a hearing with the OAC or obtain an order extending the deadline." The Director noted that he had closed the claim because, by September

8

9, 2022, Aragon had neither requested an extension of the August 2022 deadline nor attended an OAC hearing. The Director said he therefore had authority to close Aragon's claim under section 8-43-207(1)(n), C.R.S. 2025, which empowers him to

> [d]ismiss all issues in the case except as to resolved issues and except as to benefits already received, upon thirty days notice to all the parties, for failure to prosecute the case unless good cause is shown why such issues should not be dismissed. For purposes of this paragraph (n), it shall be deemed a failure to prosecute if there has been no activity by the parties in the case for a period of at least six months.

¶ 24 The Director also addressed Aragon's arguments that "activity" in section 8-43-207(1)(n) is undefined and, because "there was activity in his claim leading up to the motion to close," nothing, "including the extensions of time to show cause, should have been granted." The Director said that Aragon was "correct that neither statute nor rules provides a definition for activity." However, the Director said that, "according to the Division file, after [Respondents'] denial [of compensability] was filed on January 27, 2021, neither [Aragon] nor Respondents filed any motions or applications for hearing with the Division or the OAC."

9

¶ 25    The Director found that, when Respondents filed their motion to close Aragon's claim on August 2, 2021, "no activity had been conducted on this claim within the past [six] months."  Therefore, "Respondents' motion to close for lack of prosecution was proper."

¶ 26    The Director then noted that Aragon was provided 393 days, from August 2, 2021, to August 30, 2022, "to set and attend a hearing with the OAC."  The Director said that "closure was appropriate" because Aragon failed to do so or obtain an order extending the show cause order deadline during that 393-day period.

## H.    The Panel Order

¶ 27    Aragon filed a petition for Panel review of the Director's supplemental order.  In an order mailed to Aragon's counsel on June 24, 2025, the Panel said that, although the Director had issued a certificate and transmittal of complete record (transmittal notice) to the Panel on April 22, 2025, the Panel did not review the matter due to "an unintentional and unfortunate clerical error" that "was not discovered until June 23, 2025."  (The record does not reveal the cause or nature of the error.)

¶ 28    The Panel concluded that, under section 8-43-301(11), it lost the authority to decide the appeal on June 23, 2025 — sixty days after the date of the transmittal notice.  That statute states:

> If the [P]anel has failed to enter its order within sixty days of the receipt of the certified record, the order of the [D]irector or [ALJ] is deemed the order of the [P]anel and final unless, within thirty-five days after the end of the sixty-day period, the petitioner commences an action for judicial review in the court of appeals.

§ 8-43-301(11).

¶ 29    The Panel said it was unaware of any appellate decision granting it authority to extend the statutory deadline.  The Panel said that "the statute mandatorily states that because of our inaction within [sixty] days, it must be deemed that the [Director's supplemental order] is the order of the [Panel] and is final for purposes of appeal."

¶ 30    Aragon appeals the Panel's order.

## II.    Issues on Appeal

¶ 31    Aragon identifies six issues in his opening brief:

1.    The scope of the court of appeals' "jurisdiction and authority" when the Panel "refuses to take any statutorily mandated action on a timely Petition to Review [and]

11

rubber stamps the [Director's] involuntary dismissal" of a workers' compensation claim.

2. Whether the Director's show cause order and order closing Aragon's claim contained sufficient conclusions of law and findings of fact to "permit meaningful appellate review."

3. Whether the "undefined term, 'activity,'" supports the show cause order and involuntary dismissal of Aragon's claims.

4. Whether the Director violated Aragon's due process rights, fundamental fairness, his equal protection rights, and his right to meaningful access to the courts by entering the show cause order and by closing his claim.

5. Whether Respondents' "blanket, groundless, and frivolous misrepresentations of a lack of claim 'activity' in support of their false and fraudulent or deceptive Motions to Close Petitioner's WC case were unconscionable or evidence of their unclean hands."

6. Whether substantial evidence in the record supported the Panel's "rubber stamping" of these actions.

### III.    Standard of Review

¶ 32    We review de novo the Panel's interpretations of statutes. *Barba v. Indus. Claim Appeals Off.*, 2026 COA 15, ¶ 19, ___ P.3d ___, ___.  When interpreting a statute, we must determine and give effect to the General Assembly's intent.  *Id.*  We begin with the plain language of the statute, giving words and phrases their plain and ordinary meanings, and construing them according to the rules of grammar and common usage.  *McCoy v. People*, 2019 CO 44, ¶ 37, 442 P.3d 379, 389.  If the statutory language is unambiguous, we look no further.  *Id.* at ¶ 38, 442 P.3d at 389.

¶ 33    We respect the General Assembly's choice of language, and we may not add words to or subtract words from the statute.  *UMB Bank, N.A. v. Landmark Towers Ass'n*, 2017 CO 107, ¶ 22, 408 P.3d 836, 840.  "[W]hen examining a statute's language, we give effect to every word and render none superfluous because we 'do not presume that the legislature used language idly and with no intent that meaning should be given to its language.'"  *Mountain Coal Co. v. Water Quality Control Div.*, 2025 COA 65, ¶ 26, 576 P.3d 212, 219 (quoting *Lombard v. Colo. Outdoor Educ. Ctr., Inc.*, 187 P.3d 565, 571 (Colo. 2008)).

¶ 34 Thus, we interpret provisions of the Workers' Compensation Act "according to [their] plain and ordinary meaning" if their language is clear. *Bolton v. Indus. Claim Appeals Off.*, 2019 COA 47, ¶ 12, 487 P.3d 999, 1003 (quoting *Davison v. Indus. Claim Appeals Off.*, 84 P.3d 1023, 1029 (Colo. 2004)).

¶ 35 If we determine that the Panel correctly deemed the Director's supplemental order to be a Panel order, we review the supplemental order for an abuse of discretion. *See Colo. Dep't of Lab. & Emp. v. Esser*, 30 P.3d 189, 193 (Colo. 2001) ("[A] decision involving the application of facts to law on behalf of the agency is normally subject to review under an abuse of discretion standard."). "An abuse of discretion occurs when the . . . order is beyond the bounds of reason, as where it is unsupported by the evidence or contrary to law." *Jarosinski v. Indus. Claim Appeals Off.*, 62 P.3d 1082, 1084 (Colo. App. 2002).

IV. Jurisdiction

¶ 36 Because Aragon questions our jurisdiction to hear this appeal, we first turn to that issue. The court of appeals has initial jurisdiction to "[r]eview awards or actions of the [Panel], as provided

14

in articles 43 and 74 of title 8, C.R.S." § 13-4-102(2)(a), C.R.S. 2025.

¶ 37    Section 8-43-307(1), C.R.S. 2025, provides:

> If a person in interest . . . is dissatisfied with any final order of the division that determines compensability of a claim or liability of any party, that requires any party to pay a penalty or benefits, or that denies a claimant any benefit or penalty, the person may commence an action in the court of appeals against the [Panel] as defendant to modify or vacate the order on the grounds set forth in section 8-43-308[, C.R.S. 2025].

¶ 38    As noted above, the plain language of section 8-43-301(11) says that, if the Panel has not acted on a Director's order within sixty days of receiving the certified record, the Director's order becomes the Panel's order. The order is final unless, as here, within thirty-five days after the end of the sixty-day period, the petitioner commences an action for judicial review in this court.

¶ 39    An order closing a claim subject to reopening qualifies as a final order for purposes of appeal. *See Renz v. Larimer Cnty. Sch. Dist. Poudre R-1*, 924 P.2d 1177, 1180 (Colo. App. 1996) ("[I]n the context of workers' compensation matters, a 'final' award means

15

only that the matter has been concluded subject to later reopening if warranted under the applicable statutory criteria.").

¶ 40    Because Aragon timely commenced an appeal in this court within thirty-five days of the Panel's order, we hold that we have jurisdiction over this appeal.

## V.    The Panel's Interpretation of Section 8-43-301(11)

¶ 41    We defer to the Panel's reasonable interpretation of the statutes it administers, but we are not bound by such an interpretation if it is inconsistent with the subject statute's clear language or with the legislative intent. *City & County of Denver v. Indus. Claim Appeals Off.*, 2021 COA 146, ¶ 18, 506 P.3d 100, 104.

¶ 42    The only published case discussing section 8-43-301(11) is *O'Gorman v. Industrial Claim Appeals Office*, 839 P.2d 1149 (Colo. 1992), in which the supreme court addressed the number of Panel members required to enter an order. *Id.* at 1153. In *O'Gorman*, the supreme court observed that section 8-43-301(11) "requires the Panel to enter its order within sixty days of receipt of the record. The emphasis of section 8-43-301(11) is establishment of time limitations for Panel action so as to promote expedient resolution of

workers' compensation claims." *Id.* Neither Aragon nor Respondents have cited contrary authority.

¶ 43    Although other statutes impose deadlines in workers' compensation matters, they do not specify the consequences for missing the deadline. For example, in *Aviado v. Industrial Claim Appeals Office*, 228 P.3d 177, 183 (Colo. App. 2009), a division of this court interpreted section 8-43-309, C.R.S. 2025, which provides that "[a]ny such action commenced in the court of appeals to set aside or modify any order shall be heard within thirty days after issue shall be joined, unless continued on order of the court for good cause shown." The division held that the statute was directory, not jurisdictional, reasoning that "the statute does not state that this court loses jurisdiction after the thirty-day period expires, and nothing in the statutory language suggests that it is jurisdictional in nature." *Aviado*, 228 P.3d at 183. Similarly, section 8-43-301(8) states that the Panel "shall have sixty days after receipt of the certified record to enter its order."

¶ 44    Unlike sections 8-43-309 and 8-43-301(8), section 8-43-301(11) expressly specifies what happens if the Panel fails to enter a timely order: The Director's or the ALJ's order is deemed to

be the Panel's order, effectively stripping the Panel of the authority to resolve the claimant's appeal on its merits after the sixty-day period lapses.

¶ 45 To give effect to every word of section 8-43-301(11) and render no words of the statute superfluous, we hold that the Panel correctly determined that it lost the authority to decide Aragon's appeal by its own inaction, and that the Director's order therefore became the Panel's order.

VI. Aragon's Abuse of Discretion and Due Process Arguments

¶ 46 Because the Director's supplemental order became the Panel's order — the only order that Aragon appeals — we may review Aragon's arguments concerning the former. He contends that the Director abused his discretion by finding in the supplemental order that no "activity in furtherance of prosecution" occurred in his case between August 2, 2021, and August 30, 2022, and the Director violated Aragon's due process rights by closing his claim.

A. The Director Did Not Abuse His Discretion

¶ 47 In his supplemental order, the Director cited section 8-43-207(1)(n) and WCRP 7-1(C) to support his reaffirmation of his earlier determination that Aragon's claim should be closed because

Aragon failed to comply with the deadlines in the show cause order, as extended in May 2022.

¶ 48    WCRP 7-1(C) says:

> When no activity in furtherance of prosecution has occurred in a claim for a period of at least [six] months, a party may request the claim be closed.

¶ 49    Under WCRP 7-1(C)(3),

> Following receipt of a request to close a claim, the Director may issue the order to show cause why the claim should not be closed.  If no response is mailed or delivered within 30 days of the date the order was mailed, the claim shall be closed automatically, subject to the reopening provisions of § 8-43-303 . . . .  *An application for hearing or for a division independent medical examination without further action (i.e., setting and attending a hearing or a division independent medical examination) does not automatically constitute prosecution.*

(Emphasis added.)

¶ 50    Aragon contends that his applications for hearing should have staved off closure of his claim because they constituted "activity" within the meaning of WCRP 7-1(C).  But there is a distinction between "activity" and "activity in furtherance of prosecution."  The rule explicitly states that applications for hearing, by themselves, do

not necessarily constitute activity "in furtherance of prosecution." *Id.* A petitioner generally must take further steps to move the claim forward.

¶ 51 While Aragon focuses on the meaning of the word "activity," he ignores the reference to "activity in furtherance of prosecution" under Rule 7-1(C), as well as the language in section 8-43-207(1)(n) deeming it "a failure to prosecute if there has been no activity by the parties." Mere activity in a case is not enough to avoid dismissal for failure to prosecute. *See Rathbun v. Sparks*, 425 P.2d 296, 298 (Colo. 1967). A plaintiff must prosecute his case in due course without unusual or unreasonable delay. *Streu v. City of Colorado Springs*, 239 P.3d 1264, 1268 (Colo. 2010).

¶ 52 The Director found no "activity in furtherance of prosecution" between January 27, 2021 (the date Respondents filed their notice of contest) and August 2, 2021 (the date Respondents filed their motion to close). The record supports the Director's determination.

¶ 53 Therefore, as the Director concluded, "the motion to close was proper" because, at the time Respondents sought closure of the case, "no activity had been conducted on [Aragon's] claim within the past [six] months."

20

¶ 54 The show cause order unambiguously spelled out the steps Aragon needed to take to avoid closure of his case.

¶ 55 First, he had to "set and *attend* a hearing with the OAC." (Emphasis added.) While the record shows several attempted settings with the OAC, Aragon never attended an OAC hearing. In his opening brief, Aragon suggests that the Director overlooked ALJ Lovato's order describing his prehearing activity. Aragon contends that his attendance at multiple hearings before PALJs after the date of the show cause order amounted to "activity" in his case. But those hearings were not conducted in furtherance of his efforts to prove his entitlement to compensation. Rather, the PALJs conducted those hearings in response to Aragon's repeated failures to attend scheduled IMEs. Aragon does not identify any argument at those hearings that could be considered "activity in furtherance of prosecution."

¶ 56 Second, the show cause order required Aragon, if he did not attend an OAC hearing by the deadline, to file a written motion for an extension of time, explaining why he had not complied with the requirements of the show cause order and setting forth good cause for his failure to comply with those requirements. He did not do so.

¶ 57    For these reasons, we conclude that the Director did not abuse his discretion when he interpreted and applied "activity in furtherance of prosecution" in the supplemental order.

¶ 58    We also note that Aragon's counsel misquotes *Pinkstaff v. Black & Decker (U.S.) Inc.*, 211 P.3d 698, 709 (Colo. 2009), for the following proposition: "While the governmental interest regarding Motions to Close *pursuant to WCRP 7-1(C)* is to avoid delay, . . . it should not be used to deny a party his day in Court." (Emphasis added.) But *Pinkstaff* is not a workers' compensation case, it does not contain the quoted text, and it does not cite the WCRP.

¶ 59    Moreover, Aragon's counsel misquotes several other cases in Aragon's opening brief. Although we decline to enter sanctions against Aragon's counsel for these misrepresentations, Aragon's counsel is hereby placed on notice that providing false quotations — whether generated by an artificial intelligence tool or otherwise — in future appellate submissions may result in sanctions. *See Al-Hamim v. Star Hearthstone, LLC*, 2024 COA 128, ¶¶ 35-36, 564 P.3d 1117, 1124-25 (explaining that the submission of a brief containing false citations violates C.A.R. 28(a)(7)(B) and that the court has the authority to impose sanctions under C.A.R. 38(a) and

39.1 if a party fails to comply with the Colorado Appellate Rules); *see also* Colo. RPC 3.3(a)(1) ("A lawyer shall not knowingly . . . make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer . . . .").

## B. Due Process Arguments

¶ 60 Aragon argues that the Director's show cause order and "involuntary administrative closure of his claim" violated his due process rights. We are not persuaded.

¶ 61 An injured employee has a property interest in workers' compensation benefits, and such benefits consequently cannot be taken away without due process. *See Colo. Comp. Ins. Auth. v. Nofio*, 886 P.2d 714, 719 (Colo. 1994) ("A claimant who has been awarded benefits in a workers' compensation case is entitled to procedural due process before those benefits may be terminated."). However, this property interest arises only *after* the claimant is awarded benefits or liability for benefits is admitted. *See Yeutter v. Indus. Claim Appeals Off.*, 2019 COA 53, ¶ 34, 487 P.3d 1007, 1014 ("Due process does not guarantee that claimants will always receive the benefits they request. Rather, due process ensures that those

benefits — *once admitted to or awarded* — will not be taken away without 'notice and the opportunity to be heard by an impartial tribunal.'" (emphasis added) (quoting *Wecker v. TBL Excavating, Inc.,* 908 P.2d 1186, 1188 (Colo. App. 1995))).

¶ 62    Aragon did not have a property interest in benefits. Respondents did not admit liability; to the contrary, they contested Aragon's claim, and he was never awarded benefits. Consequently, Aragon had no protected property interest in workers' compensation benefits.

¶ 63    In any event, he was afforded due process before the Director closed his claim. "The fundamental requisites of due process are notice and the opportunity to be heard by an impartial tribunal." *Wecker*, 908 P.2d at 1188. "The essence of procedural due process is fundamental fairness." *Avalanche Indus., Inc. v. Indus. Claim Appeals Off.*, 166 P.3d 147, 150 (Colo. App. 2007).

¶ 64    Aragon received notice of Respondents' motion to close and had an opportunity to respond to it. He also received Respondents' motion to dismiss and motion for reconsideration, as well as all the Director's orders. Thus, we discern no due process violations in this case.

24

## C.     Aragon's Remaining Arguments

¶ 65      Lastly, we reject Aragon's undeveloped arguments regarding Respondents' alleged "unclean hands," alleged procedural deficiencies in the Director's supplemental order that do not "permit meaningful appellate review," and the Panel's "rubber stamping" of the supplemental order.  We do not consider underdeveloped arguments.  *Antolovich v. Brown Grp. Retail, Inc.*, 183 P.3d 582, 604 (Colo. App. 2007).

## VII.   Disposition

¶ 66      The Panel's order is affirmed.

JUDGE YUN and JUDGE SCHUTZ concur.